UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 13- *193 (SDW)* |
| | : | |
| v. | : | Hon. Susan D. Wigenton |
| | : | |
| COLUMBIA SHIPMANAGEMENT | : | |
| (DEUTSCHLAND) GmbH, and | : | |
| COLUMBIA SHIPMANAGEMENT LTD. | : | |

## PLEA AGREEMENT

The United States of America, by and through the United States Attorneys for the District of New Jersey, the District of Delaware, and the Northern District of California, and the Environmental Crimes Section of the United States Department of Justice (collectively referred to herein as the "government" or the "United States"), and the Defendants Columbia Shipmanagement (Deutschland) GmbH ("CSM-D") and Columbia Shipmanagement Ltd. ("CSM-CY")(collectively referred to herein as the "Defendants"), by and through their authorized representatives, enter into the following Agreement pursuant to Rule 11(c)(1)(C) and Rule 11(c)(3) of the Federal Rules of Criminal Procedure:

1.   <u>Waiver of Indictment and Criminal Charges</u>.  Defendants, having been advised through their representative of the right to be charged by Indictment, agree to waive that right and enter pleas of guilty to the charges brought by the government in Criminal Informations filed in the District of New Jersey and the

District of Delaware as set forth below. Defendant CSM-CY also agrees to waive venue in the Northern District of California and have its conduct in that District charged in the District of New Jersey. Upon the filing of the Criminal Informations in the District of New Jersey and District of Delaware, the government and the Defendants agree to jointly seek the transfer of the Criminal Information filed in the District of Delaware, pursuant to the provisions of Rule 20 of the Federal Rules of Criminal Procedure, to the District of New Jersey for entry of the guilty pleas and for sentencing in that District. The pleas of guilty in the District of New Jersey are to be entered by each Defendant through a senior corporate officer acceptable to the government, who is authorized by resolution of each of the Defendants' Board of Directors to enter pleas of guilty on each of the Defendants' behalf and to appear and represent each Defendant at sentencing in the District of New Jersey. By entering these guilty pleas, Defendants hereby waive all objections to the form of the charging document, admit that they are in fact guilty of the offenses as set forth in the Criminal Informations and that the attached Joint Factual Statement (Attachment 1) dated this same day is an accurate statement of their conduct. Defendants agree to enter pleas of guilty to the following charges:

2

A.   <u>District of New Jersey</u>

(1) Defendant CSM-D will plead guilty to the following counts in the District of New Jersey relating to the *M/T King Emerald*:

<u>Count One</u>: Act to Prevent Pollution from Ships. Knowing failure to maintain an accurate Oil Record Book for the *M/T King Emerald* in which all disposals of oil residue, overboard discharges, and disposals otherwise of oily mixtures, slops from bilges, and bilge waste that accumulated in machinery spaces were fully recorded, in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulation, Section 151.25.

<u>Count Two</u>: Obstruction of an Agency Proceeding. Corruptly influencing, obstructing and impeding, and endeavoring to influence, obstruct, and impede, the due and proper administration of the law under a pending proceeding by the United States Coast Guard and the Department of Homeland Security, in violation of Title 18, United States Code, Section 1505.

<u>Count Three</u>: Obstruction of Justice.  Knowingly conceal, cover up, and falsify, and make a false entries in records and documents with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, in violation of Title 18, United States Code, Section 1519.

<u>Count Four</u>: False Writings.  Knowingly and willfully making and causing the making of materially false writings in a matter within the jurisdiction of the United States Coast Guard and Department of Homeland Security, in violation of Title 18, United States Code, Section 1001(a)(3).

(1) Defendant CSM-D will plead guilty to the following count in the District of New Jersey relating to the *M/T Cape Taft*:

> Count Six: False Writings.  Knowingly and willfully making and causing the making of materially false writings in a matter within the jurisdiction of the United States Coast Guard and Department of Homeland Security, in violation of Title 18, United States Code, Section 1001(a)(3).

B.   District of Delaware

Defendant CSM-CY will plead guilty to the following counts in the District of Delaware relating to the *M/T Nordic Passat*:

> Counts One and Two:  Act to Prevent Pollution from Ships.  Knowingly failing to maintain an accurate Oil Record Book (Part I and Part II) for the *M/T Nordic Passat* in which all disposals of oil residue, overboard discharges, and disposals otherwise of oily mixtures, slops from bilges and bilge waste that accumulated in machinery spaces were fully recorded, in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulation, Section 151.25.

> Count Three:  Obstruction of an Agency Proceeding. Corruptly influencing, obstructing and impeding, and endeavoring to influence, obstruct, and impede, the due and proper administration of the law under a pending proceeding by the United States Coast Guard and the Department of Homeland Security, in violation of Title 18, United States Code, Section 1505.

> Count Four:  Obstruction of Justice.  Knowingly conceal, cover up, and falsify, and make false entries in, records and documents with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, in violation of Title 18, United States Code, Section 1519.

C.   <u>Northern District of California</u>

Defendant CSM-CY hereby waiving and agreeing to waive venue, will plead guilty to the following count in the District of New Jersey relating to conduct involving the *M/V Cape Maas* that took place in the Northern District of California:

> <u>Count Five</u>:  Act to Prevent Pollution from Ships. Knowingly failing to maintain an accurate Oil Record Book for the *M/V Cape Maas* in which all disposals of oil residue, overboard discharges, and disposals otherwise of oily mixtures, slops from bilges and bilge waste that accumulated in machinery spaces were fully recorded, in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulation, Section 151.25.

2.   <u>The Penalties</u>.  Defendants understand that the statutory penalties applicable to each corporate Defendant for each felony count of the offenses to which they are entering pleas of guilty are as follows: a maximum fine of either Five Hundred Thousand dollars ($500,000), or twice the gross pecuniary gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d); a term of probation of five (5) years, pursuant to 18 U.S.C. § 3561(c)(1);, and a special assessment of Four Hundred dollars ($400) per count, pursuant to 18 U.S.C. § 3013(a)(2)(B).  Defendants understand that, in addition to any other penalty, the Court may order the payment of restitution to any victim of the offenses pursuant to the provisions of Title 18, United States Code, Section 3663.

3.   <u>Rights Waived by Pleading Guilty</u>.   Through their
authorized representatives, Defendants knowingly and voluntarily
waive the following rights through their guilty pleas: (a) the
right to plead not guilty, and to persist in a plea of not
guilty; (b) the right to a speedy and public trial before a jury;
(c) the right to the effective assistance of counsel at trial;
(d) the right to be presumed innocent until guilt has been
established at trial, beyond a reasonable doubt; (e) the right to
confront and cross-examine witnesses at trial; (f) the right to
compel or subpoena witnesses to appear on Defendants' behalf at
trial; (g) the right to testify or to remain silent at trial, at
which trial such silence could not be used against Defendants;
and (h) the right to appeal a finding of guilt or any pretrial
rulings.

4.   <u>Applicability of Sentencing Guidelines</u>. Defendants
understand and acknowledge that, at sentencing, the Court is
required to consider the United States Sentencing Guidelines
("U.S.S.G."), together with the other sentencing goals set forth
in Title 18, United States Code, Section 3553(a).  Defendants
understand and acknowledge that the U.S.S.G., including Chapter
Eight that provides guidance for the sentencing of corporate
defendants, may be considered by the Court, except that pursuant
to U.S.S.G. §§ 8C2.1 and 8C2.10, the U.S.S.G. that pertain to the
sentencing of organizations do not determine the fine range in

cases involving environmental or obstruction crimes, including the making of false statements, the use of false writings, or efforts to obstruct justice in order to conceal environmental crimes. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation and community service.

5. <u>Sentencing Agreement</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3571(d), in return for the complete fulfillment by Defendants of all of their obligations under this agreement, the government and Defendants agree that the sentence to be imposed by the Court includes a total monetary penalty consisting of Ten Million Four Hundred Thousand dollars ($10,400,000) plus the mandatory special assessments discussed below. The parties agree that the sentence should be imposed as follows:

a. <u>Criminal Fine</u>: Seven Million Eight Hundred Thousand dollars ($7,800,000) of the total monetary penalty shall be designated as a criminal fine.

b. <u>Mandatory Special Assessment</u>: Defendants shall pay a special assessment of Four Hundred dollars ($400) for each count of conviction. The total amount of special

assessments is Four Thousand dollars ($4,000).  The specific special penalty assessments are set forth in paragraph 6 below.

      c.  <u>Community Service</u>: Two Million Six Hundred Thousand dollars ($2,600,000) of the total monetary penalty shall be paid as organizational community service pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a).  The community service payments will be made to the National Fish & Wildlife Foundation and earmarked as indicated below.  The overall purpose of this community service is to provide for restoring the coastal maritime environment in the Districts of New Jersey and Delaware.  In view of the adverse environmental damage caused by Hurricane Sandy to this same resource, the parties have agreed that the community service payment should be used for projects that will help to conserve, preserve, or restore the coastal environment of New Jersey and Delaware.

      d.  <u>Payments</u>:  Defendants further agree that if the terms of this Rule 11(c)(1)(C) Plea Agreement are accepted by the Court, that the special assessments and community service payments shall be paid on the day of sentencing, along with One Million Four Hundred Thousand dollars ($1,400,000) of the criminal fine.  The remaining Six Million Four Hundred Thousand dollars ($6,400,000) in criminal fines shall be paid in equal

8

annual increments during the period of probation.   Payment is to
be made in the form of a check payable to "United States District
Court Clerk."   Payment of the community service amounts shall be
made payable as set forth in paragraph 6 below.   Because the
community service payments are designated as a criminal payment
by an organization, Defendants further agree that they will not
seek any reduction in their tax obligations as a result of these
community service payments. In addition, since these payments
constitute community service as part of the Defendants guilty
plea, neither the Defendants nor any related entity or agent will
characterize, publicize or refer to these community service
payments as voluntary donations or contributions.

        e.   <u>Probation</u>:   Defendants will be placed on
organizational probation for a period of four (4) years from the
date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and
U.S.S.G. §§ 8D1.1 and 8D1.2.   The terms of probation shall
include the following specific provisions, in addition to the
Court's standard conditions:

                (1)   <u>No Further Violations</u>. Defendants agree
that they shall commit no further violations of MARPOL 73/78,
federal, state, or local law, and shall conduct all their
operations in accordance with environmental laws of the United
States.

(2) <u>Payments</u>.  Payment in full of the monetary amounts set forth herein including all special assessments, fines and restitution, and community service.

(3) <u>Environmental Compliance Plan</u>. Defendants agree to develop, adopt, establish, implement, and fund the environmental remedial measures set forth in the Environmental Compliance Plans ("ECPs"), attached hereto as Attachment 2, during their term of probation, consistent with sentencing policies set forth in U.S.S.G. § 8D1.4.  As set forth in Attachment 2, the Defendants have agreed to retain the services of an outside independent Third Party Auditor to perform external audits and to fund a Court Appointed Monitor to perform the duties set forth in the ECPs and to report to the Court and Office of Probation.

6.  <u>Imposition and Allocation of the Fine, Special Assessment, and Community Service</u>. Defendants shall pay the following amounts relating to the violations in each of the identified districts:

A.  <u>District of New Jersey</u>

Defendants shall pay a total monetary penalty in the amount of Six Million Four Hundred Thousand dollars ($6,400,000) in the District of New Jersey.

10

(1) Four Million Eight Hundred Thousand dollars ($4,800,000) of the total monetary payment will be designated as a criminal fine.

(2) One Million Six Hundred Thousand dollars ($1,600,000) of the total monetary penalty will be designated as community service.

(3) Pursuant to Title 18, United States Code, Section 3013(a)(2)(B), Defendants shall pay a total mandatory assessment of Four Hundred dollars ($400.00) for each of the six counts, or a total or Two Thousand Four Hundred Dollars ($2,400).

B.   District of Delaware

Defendants shall pay a total monetary penalty in the amount of Four Million dollars ($4,000,000) in the District of Delaware.

(1) Three Million dollars ($3,000,000) of the total monetary payment will be designated as a criminal fine.

(2) One Million dollars ($1,000,000) of the total monetary penalty will be designated as community service.

(3) Pursuant to Title 18, United States Code, Section 3013(a)(2)(B), Defendants shall pay a total mandatory assessment of Four Hundred dollars ($400) for each of the four counts, or a total or Sixteen Hundred dollars ($1,600).

7.   Application of the Agreement. This Agreement shall bind the Defendants and their successors and assigns and parent

11

corporations.  CSM-D and CSM-CY or their successors-in-interest, if applicable, shall provide each undersigned prosecuting office and the United States Probation Office in the District of New Jersey with immediate notice of any name change, corporate reorganization, sale or purchase of vessels subject to the ECPs, signing or termination of ship management contracts, or similar action affecting this Agreement or the ECPs.  No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of vessels, signing or termination of ship management contracts, or similar action shall alter the responsibilities of the Defendants under this Agreement.  The Defendants shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

8.  Cooperation.  As part of this Agreement, Defendants agree that they will provide full and complete cooperation in any further investigation and/or prosecution of individuals in connection with potential violations of MARPOL, the Act to Prevent Pollution from Ships, false statements, and related acts of obstruction involving the *M/T King Emerald, M/T Nordic Passat, M/V Cape Maas,* or *M/T Cape Taft.*

9.  Statements.  This Agreement does not limit the right of the Defendants or the government to speak at the time of sentencing consistent with the provisions set forth in this Plea

Agreement and the Joint Factual Statement, and to provide the
Court and the United States Probation Office with evidence of all
relevant conduct committed by Defendants.  The parties agree that
at sentencing each will support the agreed disposition set forth
in this Agreement pursuant to Rule 11(c)(1)(C) of the Federal
Rules of Criminal Procedure. The Defendants will not make any
contrary public statements regarding this agreement or the
attachments hereto.

    10.  <u>Non-Prosecution of Additional Offenses</u>. Provided that
the Defendants comply fully with the terms of this Agreement, the
U.S. Attorney's Offices for the District of New Jersey, District
of Delaware, and Northern District of California, and the
Environmental Crimes Section of the United States Department of
Justice, agree to forgo additional criminal prosecution against
the Defendants in the District of New Jersey, District of
Delaware, and Northern District of California for any additional
environmental offenses or related offenses, including but not
limited to, falsification of oil record books or violations of
the Act to Prevent Pollution from Ships occurring before the date
of this Plea Agreement and which are known to the government at
the time of signing this Agreement.  The Defendants understand
and agree that neither this paragraph nor this Plea Agreement
limits the prosecuting authority of any other sections or
divisions of the Department of Justice, including the United

States Attorney of any judicial district not a party to this Agreement, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of the Defendants to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Plea Agreement has no effect on any proceedings against any party not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

    11. <u>Breach of the Agreement</u>. If the government determines that either of the Defendants has failed to comply with any provision of this Agreement, or has committed any crime within the jurisdiction of the United States during the pendency of this Plea Agreement, the government may, at its sole option, be released from its commitments to such Defendant under this Plea Agreement in their entirety by notifying the Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law against such Defendant irrespective of whether it elects to be released from its

commitments under this Plea Agreement.  Defendants recognize that
no such breach by them of any obligation under this Plea
Agreement shall give rise to grounds for withdrawal of their
guilty plea.  Each of the Defendants understands that should it
commit any such breach of this agreement, then the government
will have the right to use against such Defendant before any
grand jury, at any trial, hearing, or for sentencing purposes,
any statements made by that Defendant's employees and agents, and
any information, materials, documents, or objects provided by
that Defendant to the government pursuant to this agreement
without any limitation.  In this regard, Defendants hereby waive
any defense to any charges which each might otherwise have under
any statute of limitations, pre-indictment delay, or the Speedy
Trial Act for ninety (90) days following any breach of the
agreement, except to the extent that such defenses existed as of
the date of the signing of this Plea Agreement.

      12.   <u>Probation Office Not Bound By Agreement</u>. Defendants
understand that the sentencing disposition agreed upon by the
parties is not binding upon the United States Probation Office
for the District of New Jersey.

      13.   <u>Information For Probation Office</u>. Defendants agree to
provide all available information requested by the United States
Probation Office for the District of New Jersey.

14.   <u>Withdrawal of Plea Agreement</u>.  Defendants' pleas will be tendered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  If the sentencing judge rejects this Plea Agreement, then the Agreement shall be null and void at the option of either the government or the Defendants.  In this regard, Defendants hereby waive any defense to any charges which each might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for ninety (90) days following any nullification or voiding of the agreement, except to the extent that such defenses existed as of the date of the signing of this Plea Agreement.

15.   <u>Corporate Authorization</u>.  Defendants represent that they are authorized to enter into this Plea Agreement and to bind themselves and their subsidiaries to the terms of the Environmental Compliance Plan.  At the time of signing this agreement, Defendants shall provide to the United States a written statement in the form of notarized legal documents certifying that Defendants are authorized to enter into and comply with all of the provisions of this Plea Agreement.  The resolutions further shall certify that each Defendants' Board of Directors have authorized these actions, and that all corporate formalities for such authorizations have been observed.

16.   <u>Waiver of Appeal</u>.  The Defendants, through their authorized representatives, are aware that 18 U.S.C. § 3742 gives

the right to appeal the sentence to be imposed, and that other federal statutes give defendants the right to appeal other aspects of the conviction.  In consideration of the Agreement with the United States as set forth herein, the Defendants knowingly and voluntarily agree to waive the following rights: (a) the right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of these offenses, including fine and community service payments; (b) the right to appeal any aspect of Defendants' convictions; and (c) the right to bring any collateral attack, or any other writ or motion, that challenges Defendants' convictions or sentences.

17.  <u>Voluntariness of the Plea</u>.  The Defendants, through their authorized representatives, acknowledge that they have entered into this Agreement freely and voluntarily,  that they have been fully advised by counsel, and that no threats or promises were made to induce Defendants to enter into the guilty pleas called for by this Agreement.

18.  <u>Statute of Limitations</u>.  In the event that this Agreement is not accepted by the Court for any reason, or the Defendants breach any of the terms of this Agreement, the statute of limitations shall be deemed to be tolled from the date of the Plea Agreement to: (1) 120 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 120

days following the date on which a breach of the Plea Agreement by the either Defendant is discovered by the government.

     19.   <u>Completeness of Agreement</u>.  The government and the Defendants acknowledge that these terms constitute the entire Plea Agreement between the parties.  No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement.  This Plea Agreement supersedes all prior understandings, whether written or oral.  This Plea Agreement cannot be modified other than in a written memorandum signed by the parties or on the record in Court.  This Plea Agreement is effective upon signature by the Defendants and all of the attorneys for the government.

AGREED AND ACCEPTED

PAUL J. FISHMAN
United States Attorney

By: _____
Kathleen P. O'Leary
Assistant United States Attorney

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural
    Resources Division
U.S. Department of Justice

By: _____
Richard A. Udell
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

_____
Stephen Da Ponte
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

APPROVED:

_____
Maureen Ruane
Chief
Healthcare and Government Fraud Unit

CHARLES M. OBERLY, III
UNITED STATES ATTORNEY
DISTRICT OF DELAWARE

By: _____
Edmond Falgowski
Assistant U.S. Attorney
District of Delaware

MELINDA HAAG
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF
 CALIFORNIA

By: _____
Stacey P. Geis
Assistant U.S. Attorney
Northern District of
 California

20

On behalf of the Defendant Columbia Shipmanagement (Deutschland) GmbH, I have been authorized by a corporate resolution to sign this Plea Agreement and bind Columbia Shipmanagement (Deutschland) GmbH.  Columbia Shipmanagement (Deutschland) GmbH has been advised by its attorneys of Columbia Shipmanagement (Deutschland) GmbH's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement.  Columbia Shipmanagement (Deutschland) GmbH voluntarily agrees to all of the terms of this Agreement.  No promises or inducements have been made to Columbia Shipmanagement (Deutschland) GmbH other than those contained in this Agreement.  No one has threatened or forced Columbia Shipmanagement (Deutschland) GmbH in any way to enter into this Agreement.  Columbia Shipmanagement (Deutschland) GmbH is satisfied by the representation of its attorneys in this matter.

_____                    18 of March 2013
Carsten Sommerhage, Managing Director              _____
Columbia Shipmanagement (Deutschland) GmbH          Date


On behalf of the Defendant Columbia Shipmanagement Ltd., I have been authorized by a corporate resolution to sign this Agreement and bind Columbia Shipmanagement Ltd. Columbia Shipmanagement Ltd. has been advised by its attorneys of Columbia Shipmanagement Ltd.'s rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement.  Columbia Shipmanagement Ltd. voluntarily agrees to all of the terms of this Agreement.  No promises or inducements have been made to Columbia Shipmanagement Ltd. other than those contained in this Agreement.  No one has threatened or forced Columbia Shipmanagement Ltd. in any way to enter into this Agreement.  Columbia Shipmanagement Ltd. is satisfied by the representation of its attorneys in this matter.

_____                    18 of March 2013
Dirk Fry, Managing Director                        _____
Columbia Shipmanagement Ltd.                        Date

21

I am counsel for Columbia Shipmanagement (Deutschland) GmbH and Columbia Shipmanagement Ltd. and have discussed every part of this Agreement with authorized representatives of Columbia Shipmanagement (Deutschland) GmbH and Columbia Shipmanagement Ltd. Further, I have fully advised the authorized representatives of Columbia Shipmanagement (Deutschland) GmbH and Columbia Shipmanagement Ltd. of their rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement.  To my knowledge, the decisions of Columbia Shipmanagement (Deutschland) GmbH and Columbia Shipmanagement Ltd. to enter into this Agreement are informed and voluntary.

Thomas L. Mills, Esq.                    Date
Winston & Strawn, LLP
Counsel for Defendants
Columbia Shipmanagement (Deutschland) GmbH
Columbia Shipmanagement Ltd.

22